UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON MASON, | Case No. 1:25-cv-00882-KES-CDB |
| Plaintiff, | ORDER GRANTING PARTIES' STIPULATED REQUEST TO AMEND SCHEDULING ORDER AND CONTINUE TRIAL DATES AND DEADLINES |
| v. | |
| UNION PACIFIC RAILROAD COMPANY, | (Docs. 12, 13) |
| Defendant. | |

**Relevant Background**

Plaintiff Shannon Mason initiated this action with the filing of a complaint on June 13, 2025, in the County of Kern Superior Court, Case No. BCV-25-102202. (Doc. 1). Defendant Union Pacific Railroad Company removed the action to this Court on July 18, 2025. *Id.* On October 21, 2025, the Court entered the operative scheduling order setting forth discovery, motion and pretrial and trial dates and deadlines, including relevant here, the mid-discovery status conference set for March 27, 2026. (Doc. 8).

After the parties failed to timely file a mid-discovery status report in advance of the mid-discovery status conference, on March 24, 2026, the Court ordered the parties to file no later than March 25, 2026, their mid-discovery report at risk of the issuance of an order to show cause why sanctions should not be imposed for their continuing failure to comply with the Court's order. (Doc. 11).

1

**Stipulated Request to Amend Scheduling Order**

Pending before the Court is the parties' joint mid-discovery conference status report and stipulated request to continue all case management dates, filed on March 24, 2026. (Doc. 12). As to discovery efforts, the parties represent that they have each propounded and responded to written discovery requests and have produced responsive, relevant materials. *Id.* at 2. The parties represent they have agreed to private mediation on June 10, 2026, and therefore have unilaterally agreed—without obtaining leave of the Court or providing any authority allowing them to do so—to stay discovery "in an effort to conserve resources" pending mediation. *Id.* The parties therefore seek a blanket continuation of all case management dates and deadlines, including for discovery, motion, and trial, by six months to conduct discovery and prepare any necessary dispositive motions pursuant to discovery should mediation be unsuccessful. *Id.*

On March 27, 2026, the parties convened before the Court for the mid-discovery status conference. (Doc. 13). Matthew Roston appeared on behalf of Plaintiff. Scott Nenni appeared on behalf of Defendant. At the conference, the parties represented that they have completed written discovery and, as to outstanding non-expert discovery, have a number of depositions to be completed. Counsel for Defendant represented that the requested six-month extension is due in part to counsel's unavailability during anticipated personal leave for the months of June and July 2026.

**Discussion**

As the Court discussed with the parties during the mid-discovery status conference, they may not grant themselves relief that is available exclusively with leave of Court without, first, seeking leave of Court. Their unilateral decision to schedule mediation, halt the undertaking of discovery ordered by the Court, and purported stay of case management dates without leave of or even notice to the Court is improper. The parties were obligated under the operative scheduling order to seek this relief *before* taking action to facilitate private settlement efforts.

Based on counsels' representations at the mid-discovery status conference demonstrating the parties' diligence in completing written discovery, and counsel for Defendant's representations that he is unavailable for the months of June and July 2026, the Court finds good cause to grant

their belated request for extensions of all case management dates.

In light of the significant extensions of time granted herein, the Court admonishes the parties that it is unlikely to grant further extensions of time absent extraordinary circumstances.

**Conclusion and Order**

In light of the parties' representations and good cause appearing, IT IS HEREBY ORDERED that the scheduling order (Doc. 8) is amended as set forth below:

| Event | Current Deadline | Amended Deadline |
| --- | --- | --- |
| Non-Expert Discovery | May 8, 2026 | November 6, 2026 |
| Expert Disclosure | May 22, 2026 | November 20, 2026 |
| Rebuttal Disclosures | June 5, 2026 | December 4, 2026 |
| Expert Discovery | June 22, 2026 | December 22, 2026 |
| Non-Dispositive Motion Filing | June 8, 2026 | December 8, 2026 |
| Non-Dispositive Motion Hearing | July 13, 2026, 10:30 AM | January 12, 2027, 10:30 AM |
| Dispositive Motion Filing (KES) | June 29, 2026 | December 29, 2026 |
| Dispositive Motion Hearing (KES) | September 21, 2026, 1:30 PM | February 15, 2027, 1:30 PM |
| Pre-trial Conference (KES) | January 25, 2027, 2026, 1:30 PM | June 28, 2027, 1:30 PM |
| Jury Trial (KES) | March 23, 2027, 8:30 AM | August 24, 2027, 8:30 AM |

All other provisions of the operative scheduling order (Doc. 8) not in conflict with the modifications granted herein continue to govern and remain in effect.

IT IS SO ORDERED.

Dated:   **March 27, 2026**

_____
UNITED STATES MAGISTRATE JUDGE